### 14106.  LIPFORD *v.* STEPHENS.

An exception to an award of arbitrators presented no issue for a jury, under the Civil Code (1910), § 5049, where the objection was, that, at the hearing before the arbitrators, counsel for the prevailing party made an admission (set out in the exception) which " precluded the award as made." An issue under that section is presented only when " the award was the result of accident, or mistake, or the fraud of some one or all of the arbitrators or parties, or is otherwise illegal."

DECIDED APRIL 11, 1923.

Exceptions to award; from Heard superior court — Judge Roop.  November 2, 1922.

*Hall & Jones,* for plaintiff in error.

*S. Holderness, D. B. Whitaker,* contra.

BLOODWORTH, J.  A dispute arose between M. J. Stephens and Walter Lipford " in reference to the exact location of the true and correct dividing line between the city residence lots owned by the

parties." The question at issue was submitted to arbitration. A majority of the arbitrators made a return in favor of Lipford. Stephens filed exceptions to the award, on six grounds. The 6th ground was as follows: "Because in his argument at the hearing before the arbitrators, counsel for Lipford admitted that the evidence showed that the line as claimed by Lipford in the submission, from the garden fence to the warehouse-lot corner, was not the correct line, and that the claim of Stephens as to that part of the line was correct, which admission precluded the finding in favor of the contention of Lipford, and precluded the award as made." To these objections Lipford filed a general demurrer, and a demurrer to the grounds of exceptions from 1 to 5 inclusive. The court sustained the demurrer to the separate grounds of the exceptions, and the general demurrer was sustained "except to paragraph 6 of the exceptions." The order sustaining the demurrer (except as to paragraph 6) concluded with the words "issue can be made and tried by a jury as provided in section 5048 [5049?] of the code." No exception to this order was taken by Stephens, but Lipford did except to the refusal of the court to strike ground 6. We think that the court erred in refusing to strike this ground. There is nothing therein to show that "the award was the result of accident or mistake, or the fraud of some one or all of the arbitrators or parties, or is otherwise illegal," and nothing therein that required an issue to be made up and submitted to a jury.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*